# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| KEITH HAGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| MR. BULT'S, INC., | ) Case No. 3:10-0625 |
| Defendant. | ) JURY DEMAND (12) ) ) |

_____

## INITIAL CASE MANAGEMENT ORDER
_____

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **adopted.**

### I. Jurisdiction and Venue

The Plaintiff filed a Complaint in the United States District Court for the Middle District of Tennessee on or about June 25, 2010. The Defendant, Mr. Bult's, Inc., was served with the Complaint on or about July 22, 2010. Defendant filed its Answer on September 16, 2010. This Court has jurisdiction because the Plaintiff's claims involve a federal question consistent with 28 U.S.C. § 1331. Defendant contends that the federal court does not have jurisdiction because there is no federal question. The Plaintiff is a citizen and resident of Castalian Springs, Sumner County, Tennessee. Defendant is a foreign corporation authorized to be and doing business in Murfreesboro, Rutherford County, Tennessee, where the allegations set forth in this complaint occurred.

### II. Parties' Theories of the Case

#### A. Plaintiff's Theory of the case:

The Plaintiff was hired by Defendant on or about January of 2009, and thereafter assigned

to work at Defendant's facility. Plaintiff sustained a back injury on June 29, 2009 and requested workers' compensation benefits. Beginning on or about June 29, 2009 and continuing through the end of his employment on July 31, 2009, the Plaintiff was subjected to harassment, retaliation, and discrimination perpetrated by his plant manager and head supervisor, both employees of Defendant. After June 29, 2009, the Defendant's employees delayed and denied Plaintiff medical care, refused to accommodate his work restrictions and improperly terminated him for job abandonment when they knew he was ready and willing to work. Plaintiff alleges workers' compensation retaliation and disability discrimination. Plaintiff lost wages, benefits, and suffered emotional damages and other damages outlined in the complaint as a result of the work environment at Defendant's facility.

      **B.**      **Defendant's Theory of the case:**

Defendant contends that this Court lacks jurisdiction because there is no federal question involved. Plaintiff failed to file his EEOC Charge in a timely manner which is a prerequisite to filing suit, nor did Defendant ever receive his EEOC Charge. Exhibit 1 to the Plaintiff's Complaint is an EEOC form which states that the facts in the charge fail to state a claim under any of the statutes enforced by the EEOC. Further, Plaintiff is not a qualified individual with a disability under the Americans With Disabilities Act, as amended, nor the Tennessee Disability Act. In the alternative, Defendant offered Plaintiff reasonable accommodation for his medical condition. Plaintiff was hired by the Defendant on March 12, 2009 as a loader/operator and Plaintiff apparently strained his back on or about June 29, 2009. Plaintiff went to a private physician and did not claim his injury was work related until on or about July 7, 2009 when

Defendant immediately sent him to an authorized physician who diagnosed Plaintiff as suffering from a lumbar strain, and authorized him to return to work with certain restrictions. Defendant offered Plaintiff light duty work consistent with his restrictions and Plaintiff refused to work. Numerous attempts were made to contact Plaintiff who refused to Answer his telephone and continued to refuse to return to work. Since Plaintiff refused to respond to Defendant's attempts to contact him, and refused to accept Defendant's offer for light duty work consistent with his restrictions, Plaintiff was terminated for job abandonment effective July 23, 2009. Plaintiff was not covered by the Family Medical Leave Act and each employment action taken by Defendant with regard to Plaintiff was for a legitimate business purpose without regard to any protected category or status. Plaintiff was not discharged for exercising his rights under the Tennessee Workers' Compensation Act, and Plaintiff's workers' compensation claim is currently pending. Defendant denies that Plaintiff is entitled to any damages.

**III.** **Schedule of Pretrial Proceedings**

    **A.** **Rule 26 (a)(1) Disclosure**

The parties shall make their Rule 26(a)(1 )(A) through (E) disclosures within (30) days from the date of the initial case management conference which is set for **September 27, 2010 at 10:00 a.m.**

    **B.** **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this

litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    C.        **Other Pretrial Discovery Matters**

As determined at the case management conference, this action is set for a jury trial on **September 13, 2011** at **9:00 a.m.**

If this action is to be settled, the Law Clerk shall be notified by noon, **September 9, 2011.** If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held **August 29, 2011** at **3:00** p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **April 25, 2011.** All written discovery shall be submitted in sufficient time so that the response shall be in hand by **April 25, 2011.** All discovery related statements shall be filed by the close of business on **May 9, 2011.** No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues

remain unresolved.

All dispositive motions [1] and Daubert motions shall be filed by **May 2, 2011,** and any response thereto shall be filed within 28 days after the filing of the motion. Any reply shall be filed within 14 days after the filing of the response. [2] **Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers at Megan_Gregory@tnmd.uscourts.gov.**

Any motion to amend the pleadings or join parties shall be filed by **November 1, 2010.** No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective June 1, 2006) shall govern.

By the close of business on **January 6, 2011,** Plaintiff shall declare to Defendant (not file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 56.01, Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

By the close of business on **February 6, 2011,** Defendant shall declare to Plaintiff (not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **March 15, 2011.** There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(3)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the working of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED.**

**ENTERED** this the 28th day of September, 2010.

                *s/ John S. Bryant*
                John S. Bryant,
                United States District Magistrate Judge

APPROVED FOR ENTRY:

LAW OFFICE OF DONALD D. ZUCCARELLO

/s/ Nina H. Parsley
Donald D. Zuccarello, [BPR No. 15092]
Nina H. Parsley, [BPR No. 23818]
3209 West End Ave.
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
*Attorneys for the Plaintiff*


HOOPER, ZINN & McNAMEE, PLLC


/s/Stafford McNamee, Jr.
Stafford McNamee, Jr. [BPR No. 3739]
David T. Hooper [BPR No. 5413]
Raney Cronin [BPR No. 27123]
109 Westpark Drive, Suite 300
Brentwood, Tennessee 37027
(615) 661-5472
*Attorneys for the Defendant*